UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REYNALDO PEDREGON,<br><br>　　　　　Defendant-Petitioner,<br><br>　　v.<br><br>United States of America,<br><br>　　　　　Plaintiff-Respondent. | Case No. 14-CV-04679-LHK<br><br>**ORDER REQUESTING PETITIONER TO FILE STATEMENT OF OPPOSITION OR NON-OPPOSITION**<br><br>Re: Dkt. No. 7 |

On March 29, 2012, Judge Jensen sentenced Defendant-Petitioner Reynaldo Pedregon ("Petitioner") to 240 months' imprisonment and ten years' supervised release following a guilty verdict entered against Petitioner following a jury trial.

October 20, 2014, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 1 ("Motion"). Petitioner's motion alleged, among other issues, that his pre-trial counsel (Manuel U. Araugo), trial counsel (Peter A. Leeming), and appellate counsel (Mark D. Eibert) provided ineffective assistance. Petitioner filed a Memorandum of Fact and Law in support of his motion on December 29, 2014. *United States v. Pedregon*, No. 09-CR-586 (N.D. Cal.), ECF No. 57. On January 27, 2015, the government was ordered to file an answer to Petitioner's Motion within 60 days. *Id.*, ECF No. 58.

On March 30, 2015, the government filed a motion seeking an order from the Court waiving Petitioner's attorney-client privilege. ECF No. 7. Specifically, the government contends it cannot respond to Petitioner's allegations of ineffective assistance of counsel until it can discuss these allegations with Petitioner's former attorneys: Manuel U. Araujo, Peter A. Leeming, and Mark D. Eibert. Petitioner's response to the government's motion was due to be filed with the Court by April 27, 2015. As of May 27, 2015, Petitioner has filed no response.

If Petitioner wants to pursue his claims of ineffective assistance of counsel, as alleged in his Motion, Petitioner must waive the attorney-client privilege with respect to communications between Petitioner and his former counsel. *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."). Any waiver for this purpose would be solely for the purpose of adjudicating Petitioner's claims for ineffective assistance of counsel. *Id.* at 722. Accordingly, if Petitioner agrees to waive his attorney-client privilege for this purpose, then Petitioner's claims of ineffective assistance of counsel can progress in this Court. If Petitioner does not agree to waive his attorney-client privilege for this purpose, then Petitioner's claims of ineffective assistance of counsel cannot progress and should be withdrawn from Petitioner's Motion. In other words, Petitioner's case cannot progress further in this Court until Petitioner files a response indicating his position. Petitioner is hereby ORDERED to file a response to the government's motion by June 26, 2015.

**IT IS SO ORDERED.**

Dated: May 27, 2015

_____
LUCY H. KOH
United States District Judge